*1266 OPINION.
Graupner:
The entire capital stock of the corporation, with the exception of three shares, was issued in exchange for the assets of the partnership, and the taxpayers claim the right to deduct as a loss the shrinkage in value of securities, on the theory that the value of the capital stock received was neither more nor less than the value of the assets transferred to the corporation. The Liberty bonds exchanged for stock of the corporation had been purchased on various dates at a total cost of $150,600. At the time of the exchange their market value was $128,680.50, which was also the par value of the stock received therefor.
The Commissioner denies that the market value of the stock issued for the Liberty bonds was less than the cost of the bonds. It is true that.no market value of the stock was established by sales, as all the stock, with the exception of three shares, was issued to the members of the partnership and has since been held by them. “ The usual method of appraising stock issued for property where there is no evidence of the market value of the stock is to say that the stock is deemed equivalent in value to the property for which it was issued, and.by determining the value of the property one can determine the value of the stock.” Appeal of William Ziegler, Jr., 1 B. T. A. 186, 192.
Here we have assets with a market value of $399,100 exchanged for stock of equal par value. Included in the assets are bonds which have depreciated in value, but their market value at the time of the exchange is known. Using the rule laid down in the Ziegler Appeal as a basis to determine the fair market value of the stock, we are of the opinion that the partnership suffered a loss of the difference *1267 between the cost of the bonds and the par value of the stock received in exchange, which was based upon their market value at the time of the exchange, and the distributive shares of the partners should be determined accordingly.
Order of redetermination will loe entered on 15 days’ notice, under Rule 50.